## CONTINUATION

I, Zachary Eitrem, declare the following under penalty of perjury:

**INTRODUCTION, AGENT BACKGROUND, AND PURPOSE OF THE WARRANT**

1. The facts of this case, as more fully detailed below, reveal that Abel Claudino RIVERA-Morales, a native and citizen of Guatemala, was previously removed from the United States, and later reentered the United States without permission at an unknown date.

2. I am familiar with the information contained in this continuation based upon the investigation I have conducted and based on information provided to me by other law enforcement officers. The facts in this continuation come from my personal observations, training, experience, and information obtained from other agents and witnesses. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

3. Title 8, United States Code, Section 1326(a) criminalizes reentry without permission of aliens who have been previously removed. The elements of the offense are that: (1) the person is an alien; (2) the person was removed from the United States; (3) the person is thereafter found in the United States; and (4) the person did not obtain permission from the Attorney General or Secretary of Homeland Security to reapply for admission. The offense is punishable by up to two years in prison. 8 U.S.C. § 1326(a).

4. I, Border Patrol Agent (BPA) Zachary Eitrem, am a United States Border Patrol Agent with the United States Department of Homeland Security, United States

Border Patrol. I have been employed in this capacity since January 25, 2016. Currently, I am assigned to the Sault Ste. Marie Border Patrol Station. As part of my duties as a Border Patrol Agent, I am authorized to investigate violations of laws of the United States, including violations pertaining to the reentry of removed aliens, in violation of 8 U.S.C. § 1326(a) Reentry of Removed Aliens. I graduated from the Federal Law Enforcement Training Center's (FLETC) Training Program, where I was trained in immigration law.

5. This continuation contains information necessary to support a finding of probable cause to charge RIVERA-Morales with a violation of 8 U.S.C. 1326(a), which makes it a crime for any alien that has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters, or is at any time found in, the United States.

6. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and records checks of law enforcement databases. I have reviewed the official immigration file relating to RIVERA-Morales, which attests to the following.

**FACTS ESTABLISHING PROBABLE CAUSE**

7. On February 10, 2008, RIVERA-Morales was encountered in the United States near Casa Grande, Arizona and received an improper Voluntary Departure to Mexico. RIVERA-Moralas lied to Border Patrol federal agents about his name and his country of citizenship.

8. On July 6, 2011, Enforcement and Removal Operations (ERO) encountered

RIVERA-Morales at the Kent County Correctional Facility while conducting Criminal Alien Program Operations (CAP). RIVERA-Morales was arrested in Grand Rapids, Michigan for Invasion of privacy/trespassing. RIVERA-Morales was transported to Calhoun County jail for processing. RIVERA-Morales was served a WA/NTA (Warrant of Arrest/Notice to Appear). On April 4, 2013, an Immigration Judge granted RIVERA-Morales a Voluntary Departure to Guatemala. On July 29, 2013, RIVERA-Morales departed the United States to Guatemala via flight from Chicago, IL.

      9.     On October 5, 2013, RIVERA-Morales was encounter in the United States near Rio Grande City and received an Expedited Removal. On October 10, 2013, RIVERA-Morales was removed from Harlingen, Texas via ICE (Immigration and Customs Enforcement) Air Operations.

      10.    On November 23, 2019, RIVERA-Morales was arrested and charged with a traffic offense. RIVERA-Morales was convicted of Operating While Intoxicated (OWI). On January 2, 2020, Kent County Jail notified ERO that RIVERA-Morales was released from custody, not honoring the ICE detainer. RIVERA-Morales was placed in Fugitive Operations and an arrest warrant was issued.

      11.    On July 14, 2023, ERO Grand Rapids encountered RIVERA-Morales at the Kent County Jail in Grand Rapids, Michigan due to RIVERA-Morales being arrested and charged with Operating While Intoxicated (OWI) 2nd offense. RIVERA-Morales received a Reinstatement of his Prior Order of Removal and received a 20-year entry ban. On July 27, 2023, RIVERA-Morales was removed from Alexandria, LA to Guatemala via ICE air operations.

12. On May 13, 2024, RIVERA-Morales was charged with Assault and lodged at the Kent County Jail in Grand Rapids, Michigan. ERO encountered RIVERA-Morales in the United States, a violation of 8 U.S.C. § 1326(a). ERO processed RIVERA-Morales as a Reinstatement of his Prior Order of Removal. Kent County did not honor the detainer and released RIVERA-Morales. An arrest warrant was issued for RIVERA-Morales.

13. On March 3, 2025, RIVERA-Morales was encountered in the United States near Boyne City, Michigan. United States Border Patrol initiated a vehicle stop on a 2007 E350 Econoline Van. One of the passengers, RIVERA-Morales presented Border Patrol Agents a fraudulent Guatemalan driver's license with a name of Jose Antonio RAMIREZ (DOB: XX/XX/1993). Records checks through Detroit Sector Dispatch revealed that RAMIREZ was a United States Citizen. Due to the validity of the document and RIVERA-Morales having no other form of identification, RIVERA-Morales was transported to the Sault Ste. Marie Border Patrol Station for biometrics collection to confirm identity.

14. After arriving back at the Sault Ste. Marie Border Patrol Station, RIVERA-Morales was issued and read Form I-214 Warning as to Rights by BPA Stacy and witnessed by BPA Caldwell. MUNOZ-Diaz advised he understood his rights and was willing to talk without a lawyer present.

15. RIVERA-Morales was fingerprinted and photographed, and these were entered in the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The results confirmed the identity

of Abel RIVERA-Morales and that he is a citizen of Guatemala who has been previously removed from the United States. The record checks did not provide any evidence that RIVERA-Morales legally entered the United States or had been issued any legal immigration document to allow him to enter or remain in the United States. RIVERA-Morales received a Reinstatement of his Prior Order of Removal with another 20-year entry ban.

16. Review of the digital file for RIVERA-Morales and queries in U.S. Border Patrol computer databases confirm no record exists of RIVERA-Morales obtaining the express permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States following his last removal.

## CONCLUSION

17. Based on my training and experience as a Border Patrol Agent and the information contained in this continuation, there is probable cause to believe that Abel RIVERA-Morales reentered the United States after removal without the permission of the Attorney General or Secretary of Homeland Security, in violation of 8 U.S.C. § 1326(a), which makes it a crime to reenter the country following removal without permission of the Attorney General or Secretary of Homeland Security.